E. O. BOOKWALTER, District Director of Internal Revenue, Appellant,

v.

CENTROPOLIS CRUSHER COMPANY, Appellee.

No. 16214.

United States Court of Appeals Eighth Circuit.

Aug. 30, 1960.

Rehearing Denied Oct. 24, 1960.

James P. Turner, Atty., Dept. of Justice, Washington, D. C., made argument for appellant. Abbott M. Sellers, Acting Asst. Atty. Gen., and Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., and Edward L. Scheufler, U. S. Atty., and Clark A. Ridpath, Asst. U. S. Atty., Kansas City, Mo., were with James P. Turner, Washington, D. C., on the brief.

John A. Biersmith, Jr., Kansas City, Mo., made argument for appellee, and John G. Madden and James E. Burke, Kansas City, Mo., were with John A. Biersmith, Kansas City, Mo., on brief.

Before GARDNER, VOGEL, and MATTHES, Circuit Judges.

PER CURIAM.

The issue presented by the appeal herein revolved around the proper basis for computing depletion allowances in

connection with appellee's business of mining, processing, and selling chemical grade limestone. Our opinion, filed December 15, 1959, 272. F.2d 391, affirmed the judgment below upon the basis of our prior holding in Commissioner of Internal Revenue v. Iowa Limestone Co., 8 Cir., 269 F.2d 398.

On December 31, 1959, a petition for rehearing was filed by Appellant, advising that on December 14, 1959, certiorari was granted by the Supreme Court in Cannelton Sewer Pipe Co. v. United States, 7 Cir., 268 F.2d 334. Action upon this petition for rehearing was suspended pending a final ruling in that case.

On June 27, 1960, the Supreme Court rendered its decision in the Cannelton case, reversing the judgment of the Court of Appeals. United States v. Cannelton Sewer Pipe Co., 80 S.Ct. 1581. Although the facts there indicated an actual fabrication of clay products from raw fire clay and shale, the Supreme Court, in ruling upon the matter, stated that the "profitability test", as adopted by this Circuit in Commissioner of Internal Revenue v. Iowa Limestone Co., supra, and in this case, is "unacceptable." See footnote 10, 80 S.Ct. at page 1588.

Additional briefs have been filed by the parties, with extensive discussion of the portent of the Cannelton decision. It is clear from that decision that numerous factors enter into a determination of the "cut-off point" when "gross income from mining" stops, for the purpose of determining a depletion allowance. Of particular importance to this issue is a determination of when the mineral is "commercially marketable". This in turn requires inquiry as to the state or form in which ordinary "run-of-the-mill" miners dispose of their mineral.

While there is some evidence in the record before us as to a market for limestone without fine grinding, the trial court made no specific findings as to this issue, nor was extensive inquiry made as to the market for "chemical grade" limestone. In view of the decision in the Cannelton case, it appears to us that the issue of when the mineral is "commercially marketable" must be more fully explored. Inasmuch as such inquiry· is properly that of the trial court, we have concluded that the case should be remanded to the District Court for the taking of additional evidence, if deemed necessary, for further findings of fact and conclusions of law, and the entry of a judgment upon the basis thereof, consistent with the teachings of the Supreme Court in United States v. Cannelton Sewer Pipe Co., supra.

Accordingly, our previous opinion is withdrawn, the judgment entered pursuant thereto is vacated, the judgment of the district court is reversed, and the cause is remanded for further proceedings not inconsistent with the views expressed herein.